NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In Re the Marriage of:

ROBERT W. JORGENSEN,
*Petitioner/Appellant,*

*v.*

KATE E. SANDOZ,
*Respondent/Appellee.*

No. 1 CA-CV 15-0205 FC
FILED 2-9-2016

Appeal from the Superior Court in Maricopa County
No.   FC2014-001468 and FC2014-090990 (Consolidated)
The Honorable Timothy J. Thomason, Judge

**AFFIRMED**

COUNSEL

Morley Mason, PLC, Mesa
By Benjamin K. Mason
*Counsel for Petitioner/Appellant*

Rowley Chapman Barney & Buntrock, LTD, Mesa
By Scott R. Rowley
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Maurice Portley joined.

---

**O R O Z C O**, Judge:

¶1        Wayne Jorgensen (Father) appeals from the order setting his parenting time with his daughter, H.J., on Tuesday and Thursday evenings and alternate weekends.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        Father and Katie Sandoz (Mother) have one child, H.J., who was born in October 2009.  Father and Mother each filed a petition for dissolution of marriage in February 2014, and the cases were consolidated. The family court conducted a one-day trial to determine a parenting plan and the parties were the only witnesses.

¶3

¶4        At trial, Father testified that the existing parenting arrangement, which had been in place for approximately one year, granted him custody of H.J. on Tuesday and Thursday evenings and every other weekend.  However, he preferred to have custody of H.J. every other week. Father also testified regarding his work schedule, salary, home, his relationship with H.J., the relationship between H.J. and Father's fiancée and her children, and his involvement with H.J.'s daily care and medical care.

¶5        Mother similarly testified about her work, work schedule, salary, concerns regarding Father's fiancée caring for H.J., H.J.'s best interests and H.J.'s daycare arrangements with maternal grandmother. Mother favored maintaining the existing parenting arrangement.

¶6        Following the parties' testimony, the court made limited findings on the record, stating "both parents . . . are good parents, well-intentioned people and they will do what's in the child's best interest."  The court ultimately found that "the schedule that the parties have been abiding by is in [H.J.'s] best interest and that . . . schedule should continue."

¶7          After trial, the court made the following findings in a minute entry that considered the eleven factors set forth in Arizona Revised Statutes (A.R.S.) section 25-403.A:

1. . . . The relationship of [H.J.] with both parents is excellent.

2. . . . The interaction and interrelationship of [H.J.] with both parents is good. [H.J.] has a good relationship with Father's fiancé and her children.  [H.J.] also has a good relationship with Mother's Mother, who has spent a large amount of time with [H.J.].

3.  . . . [H.J.] has been spending the majority of time with Mother.  She is in fact well-adjusted to home, school, and community at Mother's home. [H.J.] also has spent significant time with Father and is well-adjusted to home and community while with Father.  Mother claims that she is better able to provide for [H.J.] since she works less than 40 hours per week.  Mother, however, does work a significant amount of time.  [H.J.] is well cared for when Father is working by Father's fiancé.  [H.J.] has been spending alternating weekends and Tuesday and Thursday evening with Father for the last year.  Moving to 50/50 parenting time would be disruptive to [H.J.].

4.  . . . [H.J.] would like to spend time with both parents.

5.  . . . The physical and mental health of all parties is good.

6.  . . . Both parents will provide [H.J.] with frequent, meaningful and continuing contact with the other parent.

7.  . . . There is no evidence [regarding parents' bad faith].

8.  . . . There is no evidence [regarding domestic violence].

9.  . . . There is no evidence of coercion in the parties' agreement on joint legal decision making.

10.  . . . Both parties have complied [with the Arizona Revised Statutes].

11.  . . . There is no evidence [regarding false reporting of child abuse].

The court's findings were also incorporated in the divorce decree.

**¶8**         Father filed a motion to alter or amend the decree, which the court denied as to the parenting time arrangement in an unsigned minute entry. Father filed a notice of appeal from the unsigned minute entry. This court then stayed the appeal to allow Father to obtain a signed final order. The family court signed the minute entry, and the appeal was reinstated. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and -2101.A (West 2015).[1]

## DISCUSSION

**¶9**         When physical custody of a child is contested, the family court must comply with A.R.S. § 25-403 and make specific findings as to why its decision is in the child's best interests. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013). We will not disturb the family court's parenting time order absent an abuse of discretion. *Id.* "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is 'devoid of competent evidence to support' the decision." *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999).

**¶10**         Father argues that he "has scoured the record and there is no testimony offered by any party, nor any other evidence in the record, which would support [the] conclusion" that moving to a 50/50 parenting time arrangement would be disruptive for H.J. and not in her best interests. However, sufficient evidence supports the family court's conclusion. *See Mary Lou C. v. Ariz. Dep't. of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004) ("[T]his court will not reweigh evidence but will look only to determine if there is evidence to sustain the court's ruling.").

**¶11**         Pursuant to A.R.S. § 25-403, the family court made factual findings regarding parenting time in accordance with H.J.'s best interests. *Cf. In re Marriage of Diezsi*, 201 Ariz. 524, 526, ¶ 5 (App. 2002) (holding that the trial court abused its discretion where the court's order and record did not contain requisite findings under A.R.S. § 25-403). The family court found that "[m]oving to a 50/50 parenting time would be disruptive to [H.J.]," which is supported by the record. For example, Mother testified that she is home in the mornings, is able to make H.J. breakfast, get her ready and take her to school. In contrast, Father leaves for work "between 6:00 and 7 o'clock," before H.J. wakes up. Mother also gave unrefuted

---

[1]         We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

testimony that H.J. had never been away from her for more than five days and she believed a week-on week-off schedule "would be very traumatic" and "hard on [H.J.]. I think she'll have terrible ups and downs, mood swings, confusion of where she should be living. There's no home base."

¶12 Father next contends that the family court erred by continuing the existing parenting plan because it does not maximize his parenting time as required by A.R.S. § 25-403.02.B. Under A.R.S. § 25-403.02.B, "the court shall adopt a parenting plan . . . that maximizes [each parent's] respective parenting time," but the parenting plan must be "*[c]onsistent with the child's best interests.*" (Emphasis added). As explained above, sufficient evidence supported the family court's conclusion that a 50/50 parenting time arrangement would be disruptive for H.J. and therefore would not be in H.J.'s best interests. Accordingly, the family court did not abuse its discretion by continuing the existing parenting plan.

¶13 Father also argues that the parenting plan restricts his parenting time in violation of A.R.S. § 25-411.J, because the family court did not find that his "parenting time would endanger seriously [H.J.'s] physical, mental, moral or emotional health." *See* A.R.S. § 25-411.J. This statute is not applicable for two reasons. First, Father's parenting time was not restricted, because the family court's ruling continued the same parenting plan that had been in place for approximately a year. Second, A.R.S. § 25-411 governs motions to modify parenting time when there has been a material change in circumstances or endangerment of the child's welfare. *See* A.R.S. § 25-411.A. Because this case does not involve a change in circumstances or endangerment of H.J.'s welfare, the statute does not apply.

¶14 Finally, Mother requests attorney fees under A.R.S. § 25-324. In our discretion we deny Mother's request for attorney fees, because Father did not take an unreasonable position on appeal, and there is no significant disparity of income between the parties. *See* A.R.S. § 25-324.A. However, as the prevailing party, Mother is entitled to her costs on appeal, upon compliance with Rule 21, Arizona Rules of Civil Appellate Procedure.

**CONCLUSION**

¶15      For the foregoing reasons, we affirm the family court's ruling.



Ruth A. Willingham · Clerk of the Court
FILED : ama