NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

OLALEKAN A. OKUBENA, *Petitioner/Appellant*,

*v.*

BETHANY A. MONTAG, *Respondent/Appellee*.

No. 1 CA-CV 15-0157 FC
FILED 3-10-2016

Appeal from the Superior Court in Maricopa County
No. FC2010-004281
The Honorable Roger E. Brodman, Judge

**AFFIRMED**

COUNSEL

Jones, Skelton & Hochuli, PLC, Phoenix
By Eileen Dennis GilBride, Jonathan Paul Barnes, Jr.,

DeSoto Law Firm, Phoenix
By Rita E. DeSoto
*Co-Counsel for Petitioner/Appellant*

Dickinson Wright, PLLC, Phoenix
By Marki Stewart, Marlene A. Pontrelli, Anne L. Tiffen
*Counsel for Respondent/Appellee*

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Patricia K. Norris joined.

**P O R T L E Y**, Judge:

¶1        Olalekan Okubena ("Father") appeals from an order granting Bethany A. Montag ("Mother") sole legal decision-making authority over their two minor children and awarding her attorneys' fees.  For the reasons stated below, we affirm the legal decision-making order and the award of attorneys' fees.

## BACKGROUND

¶2        The parties are the unmarried parents of two minor children. Pursuant to a stipulated judgment, they shared joint legal decision-making authority and equal parenting time with their older child.  They, however, did not have any orders relating to the youngest child until Mother filed a petition to establish paternity, legal decision-making, parenting time, and child support, and to modify the existing orders as to the older child.  She wanted to be the sole legal decision-maker for both children and allow Father supervised parenting time.  She simultaneously filed a motion for temporary orders seeking sole legal decision-making, with supervised parenting time for Father, alleging he was verbally and physically abusive to her and abused alcohol.  And she also secured an order of protection against Father, which included the children.

¶3        After a hearing on temporary orders, the family court removed the children from the order of protection.  The court found there had been recent domestic violence by Father, as well as a significant history of domestic violence.  Accordingly, the court concluded it could not grant joint legal decision-making under Arizona Revised Statutes ("A.R.S.") section 25-403.03 (2015).[1]  As a result, and on a temporary basis, the court awarded Mother sole legal decision-making and granted Father unsupervised, but no overnight, parenting time.

---

[1] We cite to the current version of the statute, unless otherwise noted.

¶4　　　　Two months later, Mother filed an emergency motion for supervised parenting time alleging that an unknown third party reported Father to the Department of Child Safety ("DCS") for an incident involving the older child. The family court issued an emergency order limiting Father's parenting time to supervised time, which the court affirmed on a temporary basis after a hearing.

¶5　　　　After an evidentiary hearing on Mother's petition, the court found "both parties engaged in acts of domestic violence, but that Father was by far the primary perpetrator." Additionally, the court found by a preponderance of the evidence that Father had engaged in recent acts of domestic violence, and had a significant history of domestic violence against Mother. Pursuant to A.R.S. §§ 25-403.03 and 25-403.03(D), the court awarded sole legal decision-making to Mother, and found the best interests factors in A.R.S. § 25-403(A) supported the decision. And because the court found that Mother's allegation that Father abused alcohol was credible, the court ordered supervised parenting time for Father until he completed several requirements, including negative test results for alcohol. Father subsequently satisfied all requirements, and his unsupervised parenting time was restored. The court also awarded Mother a portion of her requested attorneys' fees in a signed order, and Father filed a notice of appeal.

## DISCUSSION

### I.　　Sole Legal Decision-Making Award

¶6　　　　This court will not disturb a family court's legal decision-making orders absent an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11, 304 P.3d 1093, 1096 (App. 2013). When determining legal decision-making, the court must consider best interest statutory factors. *See* A.R.S. §§ 25-403; 25-403.01; 25-403.03 through 25-403.05. Section 25-403.03 specifically deals with domestic violence and provides, in relevant part, that:

　　　　(A)　Notwithstanding subsection D of this section, joint legal decision-making shall not be awarded if the court makes a finding of the existence of significant domestic violence pursuant to § 13-3601 or if the court finds by a preponderance of the evidence that there has been a significant history of domestic violence.

　　　　(B)　The court shall consider evidence of domestic violence as being contrary to the best interests of the child. The

3

court shall consider the safety and well-being of the child and of the victim of the act of domestic violence to be of primary importance. The court shall consider a perpetrator's history of causing or threatening to cause physical harm to another person.

. . .

(D) If the court determines that a parent who is seeking sole or joint legal decision-making has committed an act of domestic violence against the other parent, there is a rebuttable presumption that an award of sole or joint legal decision-making to the parent who committed the act of domestic violence is contrary to the child's best interests. This presumption does not apply if both parents have committed an act of domestic violence. For the purposes of this subsection, a person commits an act of domestic violence if that person does any of the following:

1. Intentionally, knowingly or recklessly causes or attempts to cause sexual assault or serious physical injury.

2. Places a person in reasonable apprehension of imminent serious physical injury to any person.

3. Engages in a pattern of behavior for which a court may issue an ex parte order to protect the other parent who is seeking child custody or to protect the child and the child's siblings.

. . .

¶7          Father argues the court erred by applying the presumption in subsection D against him because it found both parties committed an act of domestic violence. The court found there was a history of domestic violence and that Father was the primary abuser, but also noted undisputed evidence that Mother stabbed Father with a knife in 2013 and vandalized his shirts. Nonetheless, the court concluded Father had not rebutted the presumption in § 25-403.03(D), which led to the legal decision-making ruling.

**¶8** However, the presumption in § 25-403.03(D) was not the sole reason for the ruling. Pursuant to A.R.S. § 25-403.03(A), a finding of significant domestic violence or a history of significant domestic violence precludes an award of joint legal decision-making. *See Hurd v. Hurd,* 223 Ariz. 48, 51, ¶ 12, 219 P.3d 258, 261 (App. 2009) (holding family court cannot award joint legal decision-making by law if it finds significant domestic violence or a history of significant domestic violence). And here, the court found both—significant domestic violence, as well as a history of significant domestic violence. Based on the findings, the court could not, as a matter of law, award joint legal decision-making. *See* A.R.S. § 25-403.03(A); *Hurd,* 223 Ariz. at 51, ¶ 12, 219 P.3d at 261.

**¶9** We, however, disagree with Mother's interpretation that the presumption in § 25-403.03(D) applies because Father was the primary perpetrator. The statutory language clearly states that the presumption does not apply where both parents have committed an act of domestic violence.[2] A.R.S. § 25-403.03(D). Under the statutory framework, it is clear that mutual domestic violence does not entitle either party to benefit from the legal presumption; rather, the court must determine which parent is entitled, if either, to sole legal-decision making. In making that determination, the "safety and well-being of the child[ren] and of the victim of the act of domestic violence" are of primary importance, *see* A.R.S. § 25-403.03(B), along with the particular circumstances of the domestic violence. *See* A.R.S. § 25-403(A)(8). Here, the family court carefully considered these issues, the best interest factors in § 25-403(A), as well as § 25-403.04 substance abuse considerations.

**¶10** The evidence supports the family court's conclusions that there was a history of significant domestic violence primarily, but not exclusively, perpetrated by Father against Mother. Mother's direct testimony is supported by multiple police reports, medical reports, and photographs. Based on the substantial evidence supporting the conclusion that there was significant history of domestic violence with Father as the perpetrator, the family court was precluded by § 25-403.03(A) from awarding joint legal decision-making. Although the court erroneously applied the presumption in § 25-403.03(D) because it also found Mother

---

[2] Mother also argues the court properly applied the § 25-403.03(D) presumption because Mother's act of domestic violence was in self-defense. The family court made no finding of self-defense; therefore, we need not address the argument.

committed domestic violence, it was not the sole basis for the court's legal decision-making order.

¶11 Father cites *Mendoza v. Bogarin*, 1 CA-CV 13-0576, 2015 WL 428375, at *2, ¶ 7 (Ariz. App. Jan. 29, 2015) (mem. decision),[3] which we find distinguishable. In *Mendoza*, this court found the family court did not consider the mother's domestic violence, but only considered the father's. *Id.* at *3, ¶ 17. Here, it is clear the family court considered Mother's domestic violence as well as Father's, and relied on more than the presumption in § 25-403.03(D) in reaching its decision.

¶12 The record, moreover, supports the conclusion that application of the best interests factors in § 25-403(A) favored awarding sole legal decision-making to Mother.[4]

¶13 The court's decision is also supported by A.R.S. § 25-403.04(A), which provides that if the court determines that a parent has abused alcohol within twelve months before a petition is filed, "there is a

---

[3] Pursuant to Rule 111(c)(1)(C), Arizona Rules of the Supreme Court, memorandum decisions issued after January 1, 2015, may be cited "for persuasive value" if no published opinion adequately addresses the issue and the memorandum decision has not been depublished.

[4] The record supports the family court's analysis of the § 25-403(A) best interests factors. Father previously cared for the children when they lived together, but failed to exercise supervised parenting time immediately before the hearing because he believed it was insulting to his dignity. The court also noted Father's refusal to exercise supervised parenting time deprived the court of "valuable information concerning interaction between Father and the [c]hildren[]," and could have disproved Mother's allegation that the children were afraid of Father. *See* A.R.S. § 25-403(A)(1).

The children are close to Mother's family and their half-brother, but have not spent time with Father's family either locally or in Nigeria. *See* A.R.S. § 25-403(A)(2). There was evidence that Father has a drinking problem that has led to violence in the past. *See* A.R.S. § 25-403(A)(5).

Although Mother prevented the children from having contact with Father when she obtained an order of protection, she did so to attempt to protect them from witnessing domestic violence. *See* A.R.S. § 25-403(A)(6). As a result, the court's conclusion that the best interests factors weighed in favor of awarding Mother sole legal decision-making to Mother was not an abuse of discretion.

rebuttable presumption that sole or joint legal decision-making by that parent is not in the child's best interests." There was evidence in the record that Father had abused alcohol. We note that Father has since satisfied the court's six-month alcohol testing requirement and is now exercising unsupervised parenting time. However, at the time of the hearing, § 25-403.04(A) supported the court's determination that awarding sole legal decision-making to Mother was in the children's best interests. *See Nestle Ice Cream Co. v. Fuller,* 186 Ariz. 521, 524 n.1, 924 P.2d 1040, 1043 n.1 (App. 1996) (holding appellate court may apply the proper rule of law even though the parties did not argue it).

**¶14**      At the time of the evidentiary hearing, there was substantial evidence supporting the court's award of sole legal decision-making to Mother. The erroneous application of the presumption in § 25-403.03(D) does not require reversal because the family court's ruling may be upheld based on the prohibition on an award of joint legal decision-making in § 25-403.03(A), the application of the best interests factors in § 25-403(A), and the rebuttable presumption in  § 25-403.04(A). Accordingly, we find no abuse of discretion and affirm the award of sole legal decision-making to Mother.

## II.      Due Process

**¶15**      Father argues the family court abused its discretion by imposing rigid time constraints that prevented him from offering evidence and testimony regarding the domestic violence. The court has broad discretion to impose reasonable time limits, unless doing so precludes a meaningful opportunity to present evidence. *Volk v. Brame,* 235 Ariz. 462, 468, ¶ 20, 333 P.3d 789, 795 (App. 2014).

**¶16**      The evidentiary hearing was set for three and a half hours, and the parties could request additional time if needed up to thirty days before the hearing. Father did not request additional time prior to the hearing, nor did he request additional time at the conclusion of the evidentiary hearing. The court repeatedly informed the parties how much time they had remaining at the hearing.

**¶17**      Father heard Mother testify to several specific occurrences of domestic violence, yet when he began to present his case, he first called two character witnesses before testifying. Moreover, he did not address the allegations of domestic violence until his time had almost run out. Even

then, Father offered a written narrative statement and not his testimony.[5] The court did not prevent, or refuse, to allow Father to present evidence to rebut Mother's allegation of domestic violence; rather, Father failed to present admissible evidence within the time allotted and failed to request additional time prior to the hearing. Because the time limits were not a denial of due process, we find no error.

## III. Attorneys' Fees

**¶18** The family court awarded Mother seventy-five percent of her requested attorneys' fees and costs, for a judgment of $27,348.66. Father contends the award should be reversed because no evidence supported the court's conclusion that he acted unreasonably in denying the domestic violence allegations. We review the award of attorneys' fees under A.R.S. § 25-324 for an abuse of discretion. *Myrick v. Maloney,* 235 Ariz. 491, 494, ¶ 6, 333 P.3d 818, 821 (App. 2014) (citation omitted).

**¶19** The court found Father acted unreasonably in "regularly and consistently commit[ing] acts of domestic violence against Mother" as well as by denying that such incidents took place. Father denied that he was abusive and denied being abusive to Mother. He denied or contradicted Mother's allegations of abuse to the court-appointed advisor, as he does on appeal. The court did not accept Father's position and found it unreasonable in light of the evidence supporting Mother's allegations. We do not reweigh the evidence on appeal. *Hurd,* 223 Ariz. at 52, ¶ 16, 219 P.3d at 262.

**¶20** Father also argues the award was an abuse of discretion because he had a due process right to deny Mother's allegations of abuse. Father has the right to deny Mother's allegations. However, in light of the evidence establishing a significant history of domestic violence, the court

---

[5] To the extent Father contends the exclusion of his written narrative statement was an abuse of discretion, we disagree. Father knew that domestic violence was a central issue. He received Mother's lengthy pretrial statement listing multiple claims of domestic violence more than a week before the hearing. Father listed his written statement as an exhibit, but it was never made part of the record on appeal. Additionally, Father failed to make an offer of proof as to what was contained in the written statement after the court excluded it as an exhibit. Therefore, we cannot conclude the exclusion of the exhibit was prejudicial or a denial of due process.

did not abuse its discretion by concluding Father's denial and minimization of the domestic violence constituted an unreasonable position. Accordingly, we affirm the award of attorneys' fees and costs to Mother.

¶21 Mother also requests an award of fees and costs on appeal pursuant to A.R.S. §§ 12-341.01 and 25-324. Mother is not entitled to fees under § 12-341.01 because this matter did not arise out of a contract. In the exercise of our discretion, after considering the reasonableness of Father's positions on appeal and the parties' financial resources, we deny Mother's request for an award of attorneys' fees on appeal under § 25-324. As the prevailing party on appeal, she is entitled to her costs on appeal pursuant to A.R.S. § 12-342(A) upon compliance with Arizona Rule of Civil Appellate Procedure ("ARCAP") 21.

**CONCLUSION**

¶22 We affirm the family court order awarding sole legal decision-making authority and attorneys' fees to Mother. We award Mother her reasonable costs on appeal upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama