CONCURRING: VIRGINIA C. KELLY and PHILIP G. ESPINOSA, Judges.

304 P.3d 1093

**In re the Matter of Dana K. NOLD, Petitioner/Appellee,**

v.

**Andrew P. NOLD, Respondent/Appellant.**

**No. 1 CA–CV 12–0214.**

Court of Appeals of Arizona, Division 1, Department A.

May 30, 2013.

Scott L. Patterson, PLLC By Scott L. Patterson, Tempe, Attorneys for Petitioner/Appellee.

Gene R. Stratford, Phoenix, and The Murray Law Offices, P.C. By Stanley D. Murray, Scottsdale, Attorneys for Respondent/Appellant.

## AMENDED OPINION

OROZCO, Judge.

¶ 1 Andrew P. Nold (Father) appeals the family court's custody order and the allocation of certain property to Dana K. Nold (Mother). We conclude that the family court failed to comply with the requirement for specific findings on the record regarding the physical custody decision. We also vacate the family court's award of the life insurance policy, the John C. Lincoln 401k, and the Pioneer individual retirement account (Pioneer IRA) to Mother and remand for division of those assets.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Mother filed a petition for legal separation and obtained an order of protection in July 2010. After a hearing, the family court quashed the order. In Father's response to the petition for legal separation, he requested that the petition for legal separation be converted to a petition for dissolution of marriage.[1]

¶ 3 After Father moved out of the family home, the parties equally shared physical custody of their three children on an alternating week schedule. At trial, Mother requested that Father have the children every other weekend during the school year and alternating weeks only during the summer months. Father sought to continue joint physical custody year-round.

---

1. If one "party objects to a decree of legal separation, ... the court shall direct that the pleadings be amended to seek a dissolution of the marriage." Ariz. Rev. Stat. (A.R.S.) section 25–313.4 (2007).

¶ 4 As directed by the family court, the parties filed separate pretrial statements in July 2011, two weeks before trial. Mother listed the Pioneer IRA and employer-provided retirement accounts among the contested issues. Father did not mention any retirement accounts or insurance policies in his description of contested issues. At trial, Father questioned Mother about her John C. Lincoln 401k, the Pioneer IRA, and the Ozark life insurance policy. Mother objected, arguing Father's pretrial statement did not set forth any claim to the John C. Lincoln 401k or the cash value of the life insurance policy, and therefore, Father could not claim any community property interest in these assets. The family court agreed that Father failed to preserve his claim that there was a community property interest in Mother's John C. Lincoln 401k, the life insurance policy, or any other retirement account by not asserting these claims in his pretrial statement.

¶ 5 The family court adopted the parenting time schedule recommended by the custody evaluator, allowing the children to reside with Mother during the week and every other weekend during the school year, with the parents sharing joint physical custody only during the summer. In support of this ruling, the court stated that "no persuasive evidence established a sound reason for deviating from the parenting time schedule [the custody evaluator] suggested." The family court also stated that it considered the factors listed in A.R.S. § 25–403 (Supp.2012),[2] but it did not make any findings as to those factors. The family court also found no evidence of domestic violence sufficient to preclude the award of joint legal custody pursuant to A.R.S. §§ 25–403.A.11 and 403.03.

¶ 6 Father filed a motion for new trial but did not object to the sufficiency of the statutory findings regarding custody. The family court denied the motion and Father filed a timely notice of appeal. We have jurisdiction pursuant to A.R.S. § 12–2101.A.1, 5(a) (Supp. 2012).

**2.** Effective January 1, 2013, §§ 25–403 and 25–403.03 (Supp.2012) changed the term "custody" to "legal decision-making" and § 25–403.B now requires the court to make specific findings in

## DISCUSSION

### Waiver

¶ 7 Mother contends Father waived any objection to the lack of statutory findings by failing to make this objection in his motion for new trial. *See Trantor v. Fredrikson,* 179 Ariz. 299, 300, 878 P.2d 657, 658 (1994) (holding that "absent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal"). In support of her waiver argument, Mother cites *Banales v. Smith,*, which held that the father's failure to object to the family court's omission of one of the § 25–403 factors in a motion for new trial precluded him from raising the argument on appeal. 200 Ariz. 419, 420, ¶ 8, 26 P.3d 1190, 1191 (App.2001).

¶ 8 However, in *Reid v. Reid,* a factually similar case, this court declined to apply the waiver doctrine to a parent's failure to object to the lack of findings required by § 25–403.B, to the family court. 222 Ariz. 204, 209–10, ¶¶ 19–20, 213 P.3d 353, 358–59 (App. 2009). *Reid* distinguished the holding in *Banales* in which the court made findings on all but *one* statutory factor. *Id.* at 207–08, ¶¶ 14–16, 213 P.3d at 356–57. In *Reid,* the court provided no explanation why its custody decision was in the children's best interests. *Id.* at 207, ¶ 13, 213 P.3d at 356.

¶ 9 The order in this case is more analogous to *Reid.* The family court made no findings regarding any of the statutory factors. We cannot ascertain how the family court weighed the statutory factors to reach its determination that Father's joint physical custody during the school year should be significantly reduced to parenting time every other weekend. *See id.* We decline to apply the doctrine of waiver when the family court makes no findings on the record because to do so "would inappropriately deprive the family court and all parties of the baseline information required for future petitions involving a child's or children's best interests." *Id.* at 209, ¶ 19, 213 P.3d at 358.

contested legal decision-making or parenting cases. *See* 2012 Ariz. Sess. Laws, ch. 309, §§ 5, 9.

¶ 10 Although we agree with the general proposition that, when a party fails to raise an issue before the trial court, the issue is waived on appeal, *see, e.g., Trantor,* 179 Ariz. at 300–01, 878 P.2d at 658–59, "we observe that neither *Trantor* nor its progeny has created an unalterable rule of waiver," especially as it relates to the statutory findings in a contested custody matter. *See Reid,* 222 Ariz. at 208, ¶ 16, 213 P.3d 353 at 357. As our supreme court stated in *Hays v. Gama,* 205 Ariz. 99, 102, ¶ 18, 67 P.3d 695, 698 (2003), in child custody cases, when a child is affected by sanctions, A.R.S. § 25–403.A "mandates that the [family] court make its determination 'in accordance with the best interests of the child.' " Therefore, if the best interests of the child trump the consequences ordinarily imposed for violations of the rules, then they should not be ignored under the discretionary doctrine of waiver. Accordingly, Father's failure to raise the issues with the family court does not prevent us from considering his argument that the family court erred by failing to make the required statutory findings.

**Custody Order**

¶ 11 On appeal, we will not disturb the family court's custody or parenting time orders absent an abuse of discretion. *In re Marriage of Diezsi,* 201 Ariz. 524, 525, ¶ 3, 38 P.3d 1189, 1191 (App.2002). When physical custody is contested, the family court must comply with the requirement in A.R.S. § 25–403 to make specific findings regarding the reasons why its decision is in the children's best interests. *Owen v. Blackhawk,* 206 Ariz. 418, 421, ¶ 11, 79 P.3d 667, 670 (App. 2003). *Owen* is directly on point and specifically states that "a change in joint physical custody is a change in custody, whereas visitation is one aspect of custody." *Id.* As in *Owen,* "[b]ecause this case involved a substantial change in physical custody that [was] disputed, ... the trial court was obligated to make specific findings required by A.R.S. § 25–403[.B]." *Id. See also Diezsi,* 201

Ariz. at 525–26, ¶¶ 1, 4–5, 38 P.3d at 1190–91 (holding that in case contesting only physical custody, court was required to make findings required by § 25–403). Failure to make these findings in an order or on the record constitutes an abuse of discretion. *See Reid,* 222 Ariz. at 207, ¶ 12, 213 P.3d at 356; *see also Downs v. Scheffler,* 206 Ariz. 496, 501, ¶ 19, 80 P.3d 775, 780 (App.2003).

¶ 12 The family court stated that it considered the parties' stipulation to joint legal custody, as well as the factors listed in § 25–403 in awarding joint legal custody. However, the court did not include any discussion of the statutory factors in resolving the dispute over joint physical custody, other than to state that "no persuasive evidence established a sound reason for deviating from the parenting time schedule [the custody evaluator] suggested."[3]

¶ 13 Mother argues that the family court's order was sufficient because it adopted the custody evaluator's assessment of the § 25–403 factors as consistent with the evidence at trial. Although the family court stated that the evidence was consistent with and supported the custody evaluator's opinions, there are no findings in the record detailing the evaluator's opinions or the supporting evidence upon which the family court relied. The evaluator's report was a trial exhibit, but the record does not indicate *the family court's* specific findings about the relevant statutory factors and the reasons why its decision is in the children's best interests as required by A.R.S. § 25–403.B.

¶ 14 Furthermore, it appears that the family court thought the custody report was the baseline for custody when it stated that "no persuasive evidence established a sound reason for deviating from the parenting time schedule [the custody evaluator] suggested." This statement indicates that the family court delegated its obligation to independently weigh the evidence in determining the children's best interests to the evaluator. *See DePasquale v. Superior Court (Thrash-*

3. Although the decree states this is a parenting time order, the parties actually disputed whether to continue joint physical custody. *Compare* A.R.S. § 25–402.3 (2007) (defining joint physical custody as substantially equal time and contact with both parents), *with* § 25–402.4 (defining parenting time as a parent's "right to have a child physically placed with the parent and the right and responsibility to make, during that placement, routine daily decisions").

*er)*, 181 Ariz. 333, 336, 890 P.2d 628, 631 (App.1995). The family court "can neither delegate a judicial decision to an expert witness nor abdicate its responsibility to exercise independent judgment. The best interests of the child ... are for the [family] court alone to decide." *Id.* By using the report as the baseline for custody, the family court delegated its judicial decision to the evaluator, abdicated its responsibility to decide the best interests of the children, and therefore abused its discretion.

¶ 15 The family court's failure to make the statutorily mandated findings requires us to remand this case to allow the family court to perform the necessary statutory analysis. *See Reid*, 222 Ariz. at 207, 209–10, ¶ 13, 20, 213 P.3d at 356, 358–59; *see also Downs*, 206 Ariz. at 501, ¶ 19, 80 P.3d at 780; *see also Owen*, 206 Ariz. at 421–22, ¶ 12, 79 P.3d at 670–71; *see also Diezsi*, 201 Ariz. at 527, ¶ 11, 38 P.3d at 1192. Therefore, we vacate the physical custody order and remand for consideration and compliance with A.R.S. § 25–403.B.

**Property Allocation**

¶ 16 Father argued at trial that there was a community property interest in the John C. Lincoln 401k, the Pioneer IRA, and the Ozark life insurance policy. The family court awarded the John C. Lincoln 401k and the life insurance policy to Mother as her separate property. The family court found that Father waived his claim to the property because he failed to raise his community property interest in these assets as a contested issue in his pretrial statement. This issue is reviewed for an abuse of discretion. *See Sheppard v. Crow–Barker-Paul No. 1 Ltd. P'ship*, 192 Ariz. 539, 546–47, ¶¶ 37–40, 968 P.2d 612, 619–20 (App.1998) (court's decision to consider issues not presented in a pretrial statement is reviewed for an abuse of discretion).

¶ 17 In spite of Father's failure to contest the community nature of these assets in his pretrial statement, Mother listed the John C. Lincoln 401k and Pioneer IRA as contested issues in her pretrial statement.[4] Father argues that because Mother listed those as-

sets in her pretrial statement, the family court erred by failing to divide them.

¶ 18 In *Leathers v. Leathers*, 216 Ariz. 374, 378, ¶ 18, 166 P.3d 929, 933 (App.2007), neither party addressed the continuation of a life insurance policy as a contested issue in the joint pretrial statement. We held the family court erred in ordering the husband to maintain the policy to secure future spousal maintenance for the wife's benefit. *Id.* at ¶¶ 18–19, 166 P.3d at 933.

¶ 19 Father argues that *Leathers* is distinguishable because it did not involve allocating an item of community property specified in one party's pretrial statement, but involved an order to maintain life insurance to secure full payment of spousal maintenance. We agree.

¶ 20 The family court has an obligation to equitably divide clearly identified community property. *See* A.R.S. § 25–318.A (Supp.2012). This obligation cannot be ignored simply because one spouse failed to list the property as a contested issue in a separately filed pretrial statement and the other party did not. We distinguish *Leathers*, and hold the division of an asset is not automatically waived when one or both of the parties fails to list the asset in a pretrial statement, if exhibits are admitted and testimony regarding the asset is given at trial.

¶ 21 We therefore vacate the award of the John C. Lincoln 401k, the Pioneer IRA, and the Ozark life insurance policy to Mother and remand for an equitable reallocation consistent with this opinion.

**Attorney Fees and Costs on Appeal**

¶ 22 Both parties request an award of attorney fees on appeal pursuant to A.R.S. § 25–324 (Supp.2012). Father seeks an award of fees due to financial disparity on the grounds that Mother was awarded more assets and, therefore, has greater financial resources. Father also claims his positions on appeal were more reasonable than Mother's. Mother cites Father's greater financial resources in support of her request for an award of fees on appeal. We conclude that

---

4. Mother did not list the Ozark life insurance    policy in her pretrial statement.

neither party took unreasonable positions on appeal. Because we are remanding to reallocate the John C. Lincoln 401k, the Pioneer IRA, and the Ozark life insurance policy, there is likely no significant financial disparity warranting an award of fees to either party. Father, as the successful party on appeal, is entitled to his costs pursuant to A.R.S. § 12–342.A (2003) and upon his compliance with Arizona Rules of Civil Appellate Procedure 21.

## CONCLUSION

¶ 23 We vacate the parenting time order and remand for further consideration with instructions to make specific findings on the record pursuant to A.R.S. § 25–403. We also vacate the order awarding the John C. Lincoln 401k, and the Pioneer IRA, and the Ozark life insurance policy to Mother and remand for an equitable reallocation consistent with this opinion.

CONCURRING: PETER B. SWANN, Judge, and PAUL F. ECKSTEIN, Judge Pro Tempore.*