NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

THOMAS J. NAGLE, *Petitioner/Appellant*,

*v.*

KRYSTAL D. NAGLE, *Respondent/Appellee*.

No. 1 CA-CV 15-0010 FC
FILED 10-29-2015

Appeal from the Superior Court in Mohave County
No. B8015DO201204387
The Honorable Richard Weiss, Judge

**VACATED AND REMANDED**

COUNSEL

Davis Miles McGuire Gardner, Tempe
By Douglas C. Gardner
*Counsel for Petitioner/Appellant*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which
Presiding Judge Kenton D. Jones and Judge Peter B. Swann joined.

**T H U M M A**, Judge:

¶1        Thomas J. Nagle (Father) appeals the superior court's order granting Krystal D. Nagle (Mother) sole legal decision making for their three children, and making her home the children's primary residence. Father argues the court erred by failing to make specific statutory findings on the record. Mother, who was self-represented at trial, has not appeared on appeal or filed an answering brief. Because the record provided does not show that required findings were made, the order is vacated and this matter is remanded for further consideration consistent with this decision.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        The marriage had a history of domestic violence, which culminated in 2012, when Mother stabbed Father with a pocket knife. Mother was convicted of felony aggravated assault for the stabbing, was and placed on probation for five years and served 10 months in jail.

¶3        Father filed a petition for divorce shortly after the stabbing. Both parents testified at trial, each accusing the other of domestic violence. Both parents also testified regarding their respective relationships with the children, the children's social and family situation, and other factors bearing on the best interests of the children. Mother called one other family member as a fact witness, but no expert testimony was provided. At the time of trial, Mother remained on probation and was receiving domestic violence counseling.

¶4        After trial, the superior court issued an order finding: (1) Mother's "aggravated assault had some basis in circumstances similar to a victim within the battered woman spectrum;" (2) Mother had been the primary caregiver of the children in the past, and "more significant relationships for the children are on the maternal side [of the family];" (3) Father said he is more able to provide the children frequent visits with Mother because he has more reliable transportation; (4) the children "may be more adjusted to the community and schools" where Mother lives; and (5) Mother takes a more global, deeper consideration of the best interests of the children. The court then ordered that Mother have sole legal decision

---

[1] This court views the evidence in a light most favorable to sustaining the superior court's findings. *See Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207 ¶ 2 (App. 2008).

making for the children, that the children would live with Mother, and that Father pay Mother $556.94 in monthly child support. This court has jurisdiction over Father's timely appeal pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1) (2015).[2]

## DISCUSSION

¶5          Father argues the order fails to properly include specific required findings. By statute, the court must expressly consider 11 factors in determining the best interests of the children to resolve legal decision making and parenting time in contested custody cases. A.R.S. § 25-403(A). The order is required to contain specific findings for each factor, and a failure to do so is error. *Nold v. Nold*, 232 Ariz. 270, 273 ¶ 11 (App. 2013). In addition, if a parent seeking custody has committed an act of domestic violence, there is a rebuttable presumption against awarding that parent legal decision-making. A.R.S. § 25-403.03(D). For that presumption to be properly rebutted, the order must consider six additional factors listed in A.R.S. § 25-403.03(E) and set forth specific findings for the reasons. *Christopher K. v. Markaa S.*, 233 Ariz. 297, 301 ¶ 19 (App. 2013).

¶6          In this case, although required by statute, the order does not address or make any findings regarding: (1) the children's relationship with siblings and other family members; (2) the wishes of the children regarding parenting time and decision-making; (3) the mental health of the parents; (4) whether either parent misled the court; (5) duress by either parent in obtaining a custody agreement; (6) compliance with A.R.S. §§ 25-351 to -355 (domestic relations education); and (7) whether either parent had made false reports of child abuse or neglect. *See* A.R.S. § 25-403(A), (B). Although the order includes some discussion of other statutory factors, the court was required to analyze all factors specified by statute. *See* A.R.S. §§ 25-403(A), -403.03(E); *Nold*, 232 Ariz. at 273 ¶ 11. Similarly, and given the record on appeal, it is unclear whether the record before the superior court could properly support the required statutory findings consistent with the

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

conclusions in the order. Accordingly, the order is vacated, and remand is required for further consideration.[3]

## CONCLUSION

**¶7**        The order challenged on appeal is vacated and this matter is remanded for further consideration to address the factors specified by A.R.S. §§ 25-403(A) and -403.03(E) and to expressly set forth the findings required in addressing those factors.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[3] Because the child support award is premised on the parenting time order, should the court alter parenting time on remand, it will be necessary to alter the child support award accordingly. *See* A.R.S. §§ 25-501(C), -320(D).