NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

DANIEL QUIGLEY, *Petitioner/Appellee*,

*v.*

AMY QUIGLEY, *Respondent/Appellant*.

No. 1 CA-CV 15-0582 FC
FILED 6-21-2016

Appeal from the Superior Court in Maricopa County
No. FC 2014-095155
The Honorable Timothy J. Ryan, Judge

**REMANDED**

COUNSEL

Daniel Quigley, Phoenix
*Petitioner/Appellee*

Amy Quigley, Phoenix
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Donn Kessler joined.

---

**D O W N I E**, Judge:

**¶1**        Amy Quigley ("Mother") appeals terms of the decree dissolving her marriage to Daniel Quigley ("Father") dealing with custody and parenting time.  For the following reasons, we remand to the superior court for it to make statutorily required findings.

## FACTS AND PROCEDURAL HISTORY

**¶2**        The parties have two minor children.  Father filed a petition for legal separation in 2014 that was later converted to a petition for dissolution.

**¶3**        At the time of the dissolution trial, the children were living with Father at his parents' home, and Mother exercised parenting time several days per week.  Father sought sole legal decision-making authority and asked the court to award Mother parenting time every other weekend.  Mother initially requested sole legal decision-making authority, with Father having parenting time every other weekend.  At trial, however, she stated she would not object to joint legal decision-making authority.

**¶4**        The superior court concluded that it was in the children's best interests for the parties to have joint legal decision-making authority and for Father to be the primary residential parent.  Mother was awarded parenting time every other weekend during the school term and every other week during the summer break.

**¶5**        Mother timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶6**        We review the superior court's decision regarding parenting time for an abuse of discretion.  *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013).  A court abuses its discretion if the record lacks competent evidence to support its decision, *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999), or if the

court makes "an error of law in the process of exercising its discretion." *Fuentes v. Fuentes*, 209 Ariz. 51, 56, ¶ 23 (App. 2004).

¶7            In resolving a dispute over legal custody, the superior court must determine the best interests of the children by considering the factors enumerated in A.R.S. § 25-403(A) and by making specific findings on the record about all relevant factors. A.R.S. § 25-403(B). Failure to make such findings constitutes an abuse of discretion. *Nold*, 232 Ariz. at 273, ¶ 11.

¶8            Although the superior court mentioned the A.R.S. § 25-403(A) factors, we cannot determine whether its findings support the determination that Father should be the primary residential parent because several of the findings (the relationship between the parents and children; the relationship of the children with parents, siblings and other involved persons; and which parent is more likely to allow the children frequent and meaningful contact with the other parent) refer to a Parenting Conference Report that is not in the record on appeal.[1]

¶9            Moreover, the findings as stated do not explain the conclusion that Father should be the primary residential parent. The court found, for example, that Father "used the children as a manipulative ploy with little regard for Mother's rights as a parent," hid evidence about his history of domestic violence, and made "exaggerated claims about Mother in order to obtain sole legal decision-making authority." Although the court potentially gave greater weight to other statutory factors — such as the children's adjustment to home and school — in determining that Father should be the primary residential parent despite such adverse findings, we cannot reach that conclusion on this record. *See* A.R.S. § 25-403(B) ("In a contested legal decision-making or parenting time case, the court shall make specific findings on the record about all relevant factors *and the reasons for which the decision is in the best interests of the child*." (emphasis added)).

¶10            Accordingly, we remand to the superior court for it to set forth the basis for its § 25-403 findings and to explain how those findings support the parenting time determination. *Cf. Owen v. Blackhawk,* 206 Ariz. 418, 421–22, ¶ 12 (App. 2003) (due to court's failure to explain its consideration of relevant statutory factors, remand was proper because it

---

[1]            Although the court asked the parties at trial whether they agreed with summarized portions of the report, that record is insufficient to permit meaningful appellate review of the findings.

was unclear whether court focused too much attention on one factor to the exclusion of others).

## CONCLUSION

**¶11**        For the foregoing reasons, we remand to the superior court for it to make additional findings regarding the parenting time decision.



**Ruth A. Willingham · Clerk of the Court**
**F I L E D**: AA