NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CECIL KAYE, *Petitioner/Appellant*,

*v.*

TREVA KAYE, *Respondent/Appellee*.

No. 1 CA-CV 16-0779 FC
FILED 8-3-2017

Appeal from the Superior Court in Maricopa County
No.  FC 2015-001012
The Honorable Dewain D. Fox, Judge

**AFFIRMED**

COUNSEL

The Harrian Law Firm PLC, Glendale
By Daniel Seth Riley
*Counsel for Petitioner/Appellant*

Treva Kaye, El Mirage
*Respondent/Appellee*

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which
Presiding Judge Lawrence F. Winthrop and Judge Randall M. Howe joined.

**C A M P B E L L**, Judge:

¶1          Petitioner/Appellant Cecil Kaye ("Father") appeals from a family court order apportioning parenting time with his daughter ("S.K."). The dispositive issue in this appeal is whether the family court abused its discretion when it declined to order a specific timetable designating Father's parenting time. *See* Ariz. Rev. Stat. ("A.R.S.") § 25-403.02(C)(3) (parenting plan shall include a "practical schedule of parenting time"). We conclude the family's court order complies with A.R.S. § 25-403.02(C)(3) and affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          In August 2015, Father petitioned for a dissolution of marriage and submitted a proposed parenting plan. Father sought temporary orders for joint legal decision making and equal parenting time with the couple's minor daughter S.K.[1] The family court subsequently entered a temporary order directing "Father's parenting time shall take place as deemed appropriate by the minor child's counselor and psychiatrist." The court also appointed a best interests attorney for S.K.

¶3          The family court later held an evidentiary hearing. Both Father and Respondent/Appellee Treva Kay ("Mother") testified that S.K., who was 15 at that time, suffered from mental health issues. Father acknowledged that S.K. was angry with him and that she had been the most symptomatic, with respect to her mental health issues, since he disclosed he had a child from an extramarital relationship. He also testified that, although he attempted to participate in counseling services with S.K., following the temporary order, her counselor advised him he should not participate until S.K. was ready and willing to participate. S.K. had told her counselor she "didn't want to do counseling with [Father]."

¶4          At the evidentiary hearing, Mother requested that daughter continue to reside at her residence and to have parenting time with Father as S.K. chose. Her best interests attorney testified that S.K. maintained that she did not want any contact with Father at that time. The best interests attorney acknowledged that S.K. "could work out [her] relationship [with Father] therapeutically because she was close with her father in the past" and it "[is] a necessary relationship for her moving forward." She advised

---

[1]     Father also requested parenting time with two other children, but parenting time regarding the other children is not at issue in this appeal.

that Father should be introduced into the child's therapy when "therapeutically advisable."

¶5          Following the evidentiary hearing, the family court entered the decree of dissolution of marriage, which included a parenting plan. Before entering the parenting plan, the family court made the statutorily required best interests findings. *See* A.R.S. § 25-403(A) (enumerating best interests factors court is required to consider in addition to all relevant factors in determining whether parenting time is in best interests of child); *see also* A.R.S. § 25-403.02(B) (court shall adopt parenting plan consistent with child's best interests). As relevant here, the family court found S.K. had significant mental health issues. It also found S.K. was "very angry with Father" and her anger "primarily stem[med] from learning that Father has a 16-year old child in California from an affair while Mother and Father were married." The family court further found "Mother has a bonded relationship with [S.K.], but Father's relationship likely will require therapeutic reunification." As to the child's wishes, it found S.K. currently did not want any contact with Father or to participate in counseling with him.

¶6          The family court then entered the parenting plan and granted Father joint legal decision making authority and ordered that "[t]he child shall reside with Mother at all times except as expressly provided below:"

> Father shall have parenting time as agreed by the child. At the discretion of the child's counselor, Father may participate in the child's counseling in order to restore his relationship with the child. Father also may seek the appointment of a Therapeutic Interventionist to assist with the reunification of Father and the child. The Court will retain jurisdiction following entry of this Decree to appoint a Therapeutic Interventionist, if requested, and to monitor the progress of any such therapeutic intervention and to enter orders as appropriate.

The family court also found, "[g]iven the lack of current relationship between Father and the child, [it would] not order specific holiday and summer parenting time. Father's holiday and summer parenting time shall be as agreed by the child." It found that the parenting time as ordered was "practical" and "maximize[d]" Mother and Father's parenting time to the extent it was in the child's best interests. A.R.S. § 25-403.02(B) (consistent with child's best interests court shall enter parenting plan that "maximizes" parents' parenting time).

## DISCUSSION

¶7        Father argues that the family court committed legal error under A.R.S. § 25-403.02(C)(3) by failing to order a "timetable" with dates and times designating each parent's access to their daughter and, instead, the family court deferred Father's parenting time to S.K. on an "ad hoc" basis. Father does not challenge the family court's best interests findings. Instead, he argues that because the family court erred as a matter of law, we should remand the issue of parenting time and order the family court to enter a timetable.[2] We disagree.

¶8        First, reviewing the family court's order for an abuse of discretion, we reject Father's argument that the family court deferred parenting time to the child on an ad hoc basis. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013) (appellate court will not disturb family court's parenting time order absent abuse of discretion) (citation omitted). Here, before ordering parenting time, the family court made the statutorily required best interests findings. *See* A.R.S. § 25-403(A)-(B) (when parenting time "contested," court shall make best interests findings on record and provide reasons its decision is in best interests of the child). As relevant here, the court found Father's relationship with S.K. would require therapeutic reunification because S.K. did not wish to have a relationship with Father.

¶9        The family court then granted Mother regular parenting time, stating the child would "reside with Mother at all times" and similarly stating it would not order "specific" holiday and summer parenting time for Father, as it found there was no "current" relationship between S.K. and Father. However, the family court "expressly provided" it would retain jurisdiction to appoint a therapeutic interventionist, should Father request.

¶10       Importantly, the family court also "expressly provided" it would retain jurisdiction to monitor and modify regular parenting time as it deemed appropriate, contingent upon: the child's preferences; therapeutic intervention to reunify Father and daughter; and the family court's determination as to the success of the therapeutic intervention. *See supra* ¶ 6. Accordingly, the court granted Father the opportunity to modify

---

[2]        Father contends that to determine whether the parenting plan violated A.R.S. § 25-403.02(C)(3) this court should apply de novo review and conclude that "practical schedule of parenting time" means "a timetable for each parent's access to the child." For the reasons discussed, *see infra* ¶¶ 10-11, we need not decide this issue to resolve this appeal.

the parenting time order, contingent upon its specified factors, prior to the one year statutory waiting period. *See* A.R.S. § 25-411(A) (requiring parent to wait at least one year to modify parenting time absent evidence child's environment seriously endangers child, domestic violence, or failure of other parent to comply with order*)*. The family court, therefore provided Father four separate mechanisms for future modification, his daughter's preferences being only one factor.

¶11        Second, we reject Father's argument that as a matter of law, A.R.S. § 25-403.02(C)(3) required the family court to enter a timetable designating Mother's and Father's parenting time with the child.  As Father points out, A.R.S. § 25-401 defines "parenting time" as "the schedule of time during which each parent has access to a child at specified times."  We need not address whether, under principles of statutory interpretation, this means a timetable with dates and times. Father asks this court to give deference to one portion of the statute without considering another. Section 25-403.02(C) sets forth what parenting plans should include, but that requirement is qualified in subsection (D). The family court based the parenting plan on the "emotional and physical health of the child," as is also required. A.R.S. § 25-403.02(D). Given the child's well documented decline in mental health, we conclude that parenting time as ordered by the family court complied with A.R.S. § 25-403.02(C)(3) and (D)'s parenting plan requirements and, on this record, was consistent with S.K.'s best interests.

¶12        Accordingly, the family court did not abuse its discretion under A.R.S. § 25-403.02(C), when it ordered parenting time, but did not include a more specific timetable designating Father's parenting time with S.K.

**CONCLUSION**

**¶13**　　　For the foregoing reasons, we affirm the family court's parenting time order.



AMY M. WOOD • Clerk of the Court
FILED:　AA