NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SAMANTHA RAE SIDOTI, *Petitioner/Appellee*,

*v.*

ADAM SIDOTI, *Respondent/Appellant*.

No. 1 CA-CV 18-0650 FC
FILED 7-2-2019

Appeal from the Superior Court in Maricopa County
No. FC2012-053071
The Honorable Jennifer C. Ryan-Touhill, Judge

**APPEAL SUSPENDED AND STAYED;
REMANDED FOR LIMITED PURPOSE**

COUNSEL

Burt Feldman Grenier, Scottsdale
By Sandra Burt
*Co-Counsel for Respondent/Appellant*

Melinda K. Cekander, Heron, Montana
*Co-Counsel for Respondent/Appellant*

Provident Law PLLC, Scottsdale
By James P. Mueller
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1        Adam Sidoti (Father) appeals from an order modifying parenting time, arguing the court erred in failing to award him equal parenting time based on the child's best interests. Because the court did not state the reasons it concluded the order was in the child's best interests, this appeal is suspended and stayed, and the matter is remanded to allow the superior court to make findings regarding best interests.

## FACTS AND PROCEDURAL HISTORY

¶2        Mother and Father were divorced in a December 2012 decree. At that time, the parents' only child, A.S., was one year old. Both the 2012 decree and a 2014 agreed-to amended parenting plan provided Father parenting time every other weekend. In 2018, when A.S. was six years old, Father filed a petition to modify parenting time, seeking "an equal parenting time schedule using a 5/2/2/5 schedule" and asserting equal parenting time was in A.S.'s best interests. Following a forensic home study and a parenting conference, the court held a trial where Mother and Father testified.

¶3        The resulting order provides that, during the school year, A.S. will "reside primarily with Mother" and allocating Father parenting time

> [e]very other weekend from Friday after school or 3:00 p.m. if school is not in session to Monday morning return to school or 8:00 a.m. if school is not in session. On the weeks in which Father does not have weekend time with [A.S.] Father will have the child from Wednesday after school or 3:00 p.m. until Friday morning return to school or 8:00 a.m.

This September 2018 order provides Mother and Father equal parenting time during the summer. The court found the parenting plan was "practical and also maximizes each parent's parenting time to the extent it is in [A.S.'s]

best interests," noting "[s]hared legal decision-making does not necessarily mean equal parenting time." Ariz. Rev. Stat. (A.R.S.) § 25-403.02(E) (2019).[1] Father timely appealed, and this court has jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶4** Father concedes the court "used the proper legal framework for analyzing the evidence related to equal parenting time" and does not challenge the court's factual findings. Instead, Father argues the court erred because its "findings do not support the conclusion that the child's best interests are served by not awarding Father equal parenting time." This court reviews the superior court's parenting time decisions for an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273 ¶ 11 (App. 2013).

**¶5** When determining parenting time, the court's primary duty "is to safeguard the best interests and welfare of the children." *In re Marriage of Gove*, 117 Ariz. 324, 328 (App. 1977). The court must determine parenting time "in accordance with the best interests of the child," considering "all factors that are relevant to the child's physical and emotional well-being, including" those enumerated in A.R.S. § 25-403(A). A.R.S. § 25-403. In contested parenting time matters, the court is required to make "specific findings on the record about all relevant factors *and* the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B) (emphasis added). These requirements exist "not only to aid an appellant and the reviewing court, but also for a more compelling reason—that of aiding all parties and the family court in determining the best interests of the child or children both currently and in the future." *Reid v. Reid*, 222 Ariz. 204, 209 ¶ 18 (App. 2009). A failure to make the required findings is error. *Nold*, 232 Ariz. at 273 ¶ 11.

**¶6** In modifying parenting time, the court recounted in detail the parents' testimony relevant to its determination and made thorough factual findings as to all factors enumerated in Section 25-403(A). The court's findings in this regard do not suggest any of the statutory factors weighed heavily in favor of either parent. When specifying the modified parenting time schedule, the court did not state why the schedule was in A.S.'s best interests, finding only that it was "practical and also maximizes each parent's parenting time to the extent it is in the child's best interests." Section 25-403(B) requires the court to explain why the parenting time

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

decision is in A.S.'s best interests, and a finding that the decision is practical or maximizes each parent's parenting time "to the extent it is in the child's best interests" falls short of doing so. *Compare* A.R.S. § 25-403(B) (directing the court to make specific findings as to best interests) *with* A.R.S. § 25-403.02(B) (directing the court to adopt, "[c]onsistent with the child's best interests," a parenting plan that "maximizes [parents'] respective parenting time"). Accordingly, the court erred by failing to make the statutorily-required finding of *why*, in light of the statutory factors, the parenting time decision was in A.S.'s best interests.

¶7            "[F]or good cause," this court may suspend an appeal and revest jurisdiction in the superior court for the limited purpose of allowing that court to make required written findings. *See* Ariz. R. Civ. App. P. 3(b). Significantly, neither parent argues the record here could not support a conclusion that the other parent's alternative is in A.S.'s best interests. Accordingly, and recognizing A.S.'s school will start again in the near future, in the exercise of its discretion and for good cause, this court suspends and stays this appeal for 30 days and revests jurisdiction in the superior court for that court to either (1) make specific findings, on the record, for why its allocation of parenting time in the September 2018 order is in the best interests of A.S. or (2) enter a different parenting time order with appropriate findings for why that order is in the best interests of A.S. Within five days of the superior court's entry of such an order, Father's counsel shall provide a copy of that decision to this court.

¶8            Because Father does not request attorneys' fees or costs on appeal, none are awarded. Because Mother has not provided support for her request for attorneys' fees and costs under A.R.S. § 25-324, that request is denied.

**CONCLUSION**

¶9        The appeal is suspended and stayed for 30 days and jurisdiction is revested in the superior court for that court to either make specific findings, on the record, for why its allocation of parenting time in the September 2018 order is in the best interests of A.S. or, alternatively, to enter a different parenting time order with appropriate findings for why that order is in the best interests of A.S. Within five days of the entry of such an order, Father's counsel shall provide a copy of that decision to this court.

