NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Marriage of:

JACQUELYN FAY DAVIS, *Petitioner/Appellant*,

*v.*

JASON RICHARD LANSDON, *Respondent/Appellee*.

No. 1 CA-CV 18-0645 FC
FILED 10-1-2019

Appeal from the Superior Court in Maricopa County
No.  FC 2014-071553
The Honorable Lisa Ann VandenBerg, Judge

**AFFIRMED**

COUNSEL

Joseph M. Huey PLC, Scottsdale
By Joseph M. Huey
*Counsel for Petitioner/Appellant*

John W. Bain PLLC, Phoenix
By John W. Bain
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge David D. Weinzweig joined.

---

**C A M P B E L L**, Judge:

¶1 Appellant Jacquelyn Fay Davis ("Mother") challenges the family court's parenting time order and its allocation of associated travel costs. We affirm.

## BACKGROUND

¶2 The parties' marriage was dissolved by consent decree in 2014. At that time, Mother resided in Arizona and Jason Richard Lansdon ("Father") resided in California. The decree designated Mother as the primary residential parent for the parties' two minor children and implemented a parenting plan under which Father received reasonable parenting time.

¶3 In 2016, the parties agreed to an amended parenting plan that provided Father parenting time "every other week beginning on Friday after the children are released from school, or 3 p.m. if the children are not in school, continuing through Tuesday at 8 a.m." The plan also gave each party "two weeks of uninterrupted parenting time during [each] summer commencing on a mutually agreed-upon date" and divided holiday parenting time as follows:

| | |
|---|---|
| Mother: | Children's birthdays, Mother's Day, Easter, Halloween, Independence Day, Christmas Eve, Christmas, New Year's Eve, New Year's Day. |
| Father: | Father's Day, Thanksgiving break, other portions of the children's winter break. |

¶4 Approximately two years later, Father moved to Kentucky. Asserting his move rendered the parenting plan "logistically impossible," Father petitioned to modify parenting time and child support. He requested parenting time during the summer, spring break every year, and winter break in alternating years. In response, Mother proposed that Father receive "up to 42 days of summer parenting time . . . each year" and requested for

herself two uninterrupted weeks of parenting time during summers "for her vacation with the children." She also proposed that the parties split each winter break such that the children would be with her for Christmas and with Father for New Year's Day. Finally, Mother requested that the children "travel on direct flights" and be "escorted by a parent" when traveling between Arizona and Kentucky, with Father bearing all transportation costs.

¶5        Following an evidentiary hearing, the family court ordered that Mother would remain the primary residential parent. The court granted Father summer parenting time but gave Mother "at least 1 week of consecutive summer vacation [with the children] during this period," with her paying "the costs of this summer week transportation both on leaving and returning to Father." The court also ordered that the parties split winter break each year and set a holiday parenting time schedule as follows, with the parties "shar[ing] the costs of such [travel] equally":

| Mother: | Mother's Day, Halloween, Thanksgiving in even years, the children's birthdays in odd years, Mother's birthday. |
|---|---|
| Father: | The children's spring break, Father's Day, Thanksgiving in odd years, Father's birthday. |

¶6        Mother moved to amend the order, arguing the holiday parenting time schedule was "impractical or financially burdensome" and "award[ed] parenting time not requested by the parties." She also contended the court should not have ordered her to share the children's travel costs with Father or denied her request for two weeks uninterrupted summer parenting time. The family court made minor changes to its order relating to winter break and spring break but denied all other relief. Mother timely appealed.

## DISCUSSION

¶7        We uphold a family court's parenting time determinations absent an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013). An abuse of discretion exists if the record lacks any competent evidence to support the court's decision. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999).

## I.       Summer Parenting Time

¶8          Mother contends the court should have given her two uninterrupted weeks of summer parenting time. The court acknowledged her request in its A.R.S. § 25-403(A) analysis but gave her only one week of summer parenting time. Mother asserts one week is inadequate "to shop for school clothes and supplies, get the kids in for haircuts and medical or dental appointments, and be able to take them on a minimal vacation." She also broadly argues the children will miss out on "being able to spend an extended time with Mother . . . for vacations." She presented no evidence to support either of these contentions. She also conceded on cross-examination that she could take the children on vacation at other times of the year during her parenting time. Therefore, we find no abuse of discretion on this issue.

## II.      Holiday Parenting Time

¶9          Mother also insists the court abused its discretion by setting a holiday parenting time schedule that requires travel for the children's birthdays, the parties' birthdays, school breaks, and alternating Thanksgivings. In cases where parents cannot agree on a parenting plan, the court "shall adopt a plan that provides for both parents to share legal decision-making regarding their child and that maximizes their respective parenting time." A.R.S. § 25-403.02(A) & (B). The parenting plan must include "[a] practical schedule of parenting time for the child, including holidays and school vacations." A.R.S. § 25-403(C)(3). If the parties cannot agree on a schedule, the court must set one. A.R.S. § 25-403.02(D).

¶10         Mother first alleges the holiday parenting time schedule is "contrary to that requested by the parents." While both parties made specific holiday parenting time requests at the hearing, the court determines parenting time based on the children's best interest, which may not align with either parent's demands. *Dunbar v. Dunbar*, 102 Ariz. 352, 354 (1967) ("The final determination of custody in a divorce action is and must be determined by what the court considers to be in the best interest of the child. The wishes of the parents, of course, may and should be considered; but their happiness and their desires will never be allowed to interfere with the child's true welfare."). The court's decision not to fully adopt either party's requested schedule is therefore not an abuse of discretion. *Armer v. Armer*, 105 Ariz. 284, 289 (1970) (the superior court is in the best position to determine the parenting measures that are in a child's best interests and therefore has broad discretion to determine parenting

time). Indeed, it appears the court simply adopted the holiday schedule the parties included in their earlier parenting plans.

¶11 Lastly, Mother asserts the holiday parenting time schedule is impractical because it "require[s] the children to travel between Arizona and Kentucky a total of six round trips each year for their respective birthdays and each parent's birthday, for only one day of parenting time each trip," which she contends the parties cannot afford. She offered no evidence, however, to substantiate this alleged financial burden. She also testified that she did not believe additional air travel would be more burdensome for the children. Moreover, we note that Father addressed this concern in his response to Mother's motion, stating that he may not exercise his "holiday parenting time on the children's birthdays and [his] birthday because of the short amount of time that he would have the children versus the burden it may be on the parties and children." Given these facts, we cannot say the court abused its discretion in denying Mother's motion to amend the holiday parenting schedule.

## III. Travel Costs

¶12 Mother argues the court abused its discretion by not ordering Father to pay all travel costs associated with his parenting time minus one-half the cost of escorting the children during air travel. As support for this contention, Mother cites Father's testimony that he was willing to "bear . . . three-quarters of the price," but Father's willingness to pay more than half of the children's airfare does not demonstrate that the court abused its discretion by not ordering him to pay *all* travel costs. Because Mother presented no other evidence to show why Father should bear those costs, we again find no abuse of discretion.

## IV. Attorney Fees on Appeal

¶13 Both parties request their attorney fees incurred on appeal pursuant to A.R.S. § 25-324(A), which authorizes an award upon considering "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings . . . ." Having considered these matters, we decline to award fees to either party.

## CONCLUSION

**¶14**     Based on the foregoing, we affirm. Father may recover his taxable costs upon compliance with ARCAP 21.

