NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of:

KATHLEEN JEANETTE LARSEN, *Petitioner/Appellee,*

*v.*

JUSTIN DEMARBIEX RANGEL, *Respondent/Appellant.*

No. 1 CA-CV 24-0612 FC
FILED 04-02-2025

Appeal from the Superior Court in Maricopa County
No.  FC2022-007742
The Honorable Randall H. Warner, Judge

**AFFIRMED**

COUNSEL

McCulloch Aviation Law Firm, PLLC, Scottsdale
By Mitchell A. Vasin
*Counsel for Petitioner/Appellee*

The Law Office of Carrie M. Wilcox, Phoenix
By Carrie M. Wilcox
*Counsel for Respondent/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Angela K. Paton joined.

**C A T T A N I**, Judge:

¶1   Justin Rangel ("Father") appeals the superior court's parenting time order. For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2   Father and Kathleen Larsen ("Mother") have one child ("Child") in common. The parties ended their relationship in late 2022, when Child was four years old, and Mother filed a petition to establish paternity, legal decision-making, parenting time, and child support. Soon thereafter, the parties agreed to temporary orders granting joint legal decision-making (with Mother having final say) and designating Mother as primary residential parent and giving Father parenting time three weekends per month.

¶3   Mother, Father, and a court-appointed advisor ("CAA"), *see* A.R.S. § 25-406; Ariz. R. Fam. Law P. 10.1, testified at the trial held in June 2024. The superior court then entered final orders with comprehensive best-interests findings. The court gave the parties joint legal decision-making authority, with no final say. The court also entered a parenting plan under which Mother would be the primary residential parent during the school year, with Father exercising parenting time every other weekend plus one weekday each week, and splitting summer and winter breaks equally.

¶4   Father timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶5   Father argues the superior court erred in allocating parenting time, asserting specifically that the court lacked an adequate basis to deny equal parenting time and failed (to Father's detriment) to enter a practical plan accounting for the distance between the parties' homes. We review parenting-time orders for an abuse of discretion. *Smith v. Smith*, 253 Ariz.

43, 45, ¶ 9 (App. 2022) (citing *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013)). We defer to the superior court's credibility assessments and resolution of factual disputes and do not reweigh the evidence on appeal. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).

**¶6** Arizona courts determine parenting time "in accordance with the best interests of the child." A.R.S. § 25-403(A). To do so, the court must consider all relevant factors bearing on the child's well-being, including certain statutorily enumerated factors. *See, e.g.*, A.R.S. § 25-403(A)(1)–(11). In contested cases, the court must make express findings "about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B). In light of these findings, the court then adopts a "practical" parenting plan that "maximizes [the parents'] respective parenting time" in a manner "[c]onsistent with the child's best interests." A.R.S. § 25-403.02(B), (C)(3); *cf.* A.R.S. § 25-103(B)(1) ("[A]bsent evidence to the contrary, it is in a child's best interest . . . [t]o have substantial, frequent, meaningful and continuing parenting time with both parents.").

**¶7** Here, the superior court did just that: It entered comprehensive written findings on all statutory best-interests factors, grounded in the testimony, exhibits, and case history. *See* A.R.S. §§ 25-403(A), -403.03, -403.04, -403.05. The court crafted a parenting plan designed to be workable but also to maximize each parent's parenting time to the extent possible. *See* A.R.S. § 25-403.02(B)–(D). And it explained why and how this plan served Child's best interests.

**¶8** Father argues, however, that the superior court's findings to support the allocation of parenting time—Mother as primary residential parent and significant parenting time for Father—were untenable. The court observed that (1) a 50/50 plan was not feasible given the distance between the parties' homes, (2) Mother had been Child's primary caregiver for over a year under the temporary orders, "which are working reasonably well," and (3) Mother had been more supportive of Father's relationship with Child than he had been of hers.

**¶9** Father does not meaningfully dispute that the distance between their homes made an equal parenting time plan unworkable, but rather contends that Mother "created" the issue when she moved out of Father's home and should not be "reward[ed]" for it. But the record supports a finding that Mother's move was to a location with family support, not for the improper purpose of interfering with Father's relationship with Child. And the superior court was obligated to craft a workable plan given Child's existing circumstances, not as a "reward" or

penalty for a party's actions untethered to Child's best interests. *See* A.R.S. § 25-403.02(B)–(C).

¶10　　　　Father likewise does not meaningfully dispute that Mother was Child's primary caregiver for an extended period under the temporary orders, but rather asserts that the court had no basis to find that arrangement had been working. But the CAA's observations and recommendations, as well as the parties' own proposed parenting plans, suggested that the allocation of time under the temporary orders was a reasonable baseline. Although the court also acknowledged the difficulties presented by the parties' interpersonal conflict, the court nevertheless had an adequate basis to consider the allocation of parenting time workable.

¶11　　　　Father does not challenge the court's third consideration—that Mother had supported Father's relationship with Child more than he had hers—and the record supports it. Given these findings, Father has not shown that the superior court abused its discretion by implementing a parenting plan under which Child continued to reside primarily with Mother, with Father receiving significantly expanded parenting time, particularly over school breaks.

¶12　　　　Father next argues that the court failed to account for the distance between the parties' homes, entering an unworkable plan that overwhelmingly burdened Father with transportation costs. But the court expressly acknowledged and considered the distance involved. *See* A.R.S. § 25-403.02(C)(3)–(4) (requiring a "practical" parenting time schedule, including procedures for exchanges and consideration of transportation). Father asserts, however, that the court ignored undisputed evidence that, because of his work schedule and the distance to Child's school, Father was unable to exercise midweek parenting time or take Child to or from school for his weekends.

¶13　　　　Although Mother testified that, before the temporary orders were entered (over a year before trial), Father preferred extra weekend hours over midweek parenting time because of "something to do with gas and travel," Father offered no such testimony. To the contrary, Father testified that Child would benefit from spending some school days in his care, and he asked to have Child during the school week if 50/50 parenting time was not possible. Nor was there evidence that Father's work schedule would interfere with school-year parenting time at Child's new school, and the court set a midway exchange point for non-school days at Father's request. Accordingly, Father has not shown that the superior court abused its discretion in crafting a workable parenting time plan.

¶14 Father requests an award of attorney's fees on appeal under A.R.S. § 25-324, and Mother requests an award under §§ 25-324 and 12-349. Having considered the relevant factors, and in an exercise of our discretion, we deny both fee requests. As the successful party on appeal, Mother is entitled to an award of costs upon compliance with ARCAP 21.

**CONCLUSION**

¶15 We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR