NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO A.G.

No. 1 CA-JV 25-0128
FILED 03-10-2026

Appeal from the Superior Court in Maricopa County
No. JD42831
The Honorable Glenn A. Allen, Judge

**AFFIRMED**

COUNSEL

Davida G., Phoenix
*Appellant*

Maricopa County Legal Defender's Office, Phoenix
By Jamie R. Heller
*Advisory Counsel for Appellant Davida G.*

Arizona Attorney General's Office, Phoenix
By Yu-Shan Kuo
*Counsel for Appellee Department of Child Safety*

Maricopa County Office of the Legal Advocate, Phoenix
By Amanda Adams
*Counsel for Appellee A.G.*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

---

**B A I L E Y**, Judge:

¶1          Davida G. ("Mother") appeals the superior court's order terminating her parental rights to A.G. ("Child").  *See* A.R.S. § 8-533(B)(3).  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          We view the facts in the light most favorable to upholding the superior court's order.  *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010).

¶3          Mother and Ricardo G. ("Father") are the biological parents of Child, who was born in 2023.[1]  Shortly after Child was born, the Department of Child Safety ("DCS") petitioned the superior court to find Child dependent as to Mother, alleging Mother had a significant history of substance abuse; gave birth to Child substance-exposed to methamphetamines, amphetamines, and gabapentin; neglected Child; and was "unable or unwilling to provide proper and effective parental care."  Previously, Mother's parental rights to three other children were terminated, and she "lost custody" of two other children in 2021.  Child was placed with paternal grandmother, where two of Mother's other children are also in out-of-home placement.

¶4          In April 2023, the superior court found Child dependent "based on [M]other's failure to provide [Child] with a safe and appropriate home environment free from illicit substances."

¶5          In January 2025, DCS moved to terminate Mother's parental rights based upon her substance abuse and Child's time in an out-of-home placement.  *See* A.R.S. § 8-533(B)(3), (B)(8)(b).

¶6          At the termination adjudication hearing, a case manager testified that DCS offered Mother "supervised visits, substance abuse

---

[1] The superior court also terminated Father's parental rights to Child, but he is not a party to this appeal.

services, [F]amily [C]onnections, [and] [N]urturing [P]arenting" services. However, in the months leading up to trial, Mother did not participate in treatment services. A progress report showed that three services were closed based on Mother's disengagement between November 2020 and November 2023.

**¶7**      The DCS case manager also testified Mother was referred to twice-weekly random urinalysis testing but failed to test with the providers DCS referred her to. Individual screening reports demonstrated Mother did not attend drug testing between September 2024 and July 2025. Although Mother emailed DCS stating that she was "consistently doing [her urinalysis tests] and attending classes," DCS received only one negative drug test from Mother. And despite her counsel's claim that Mother had completed a self-referred online substance abuse program, Mother provided no such documentation.

**¶8**      The case manager also testified Mother had her rights terminated to three other children, in part, because of her substance abuse, stating Mother had abused methamphetamine for at least ten years.

**¶9**      At the close of evidence, Mother entered a no-contest plea to the termination petition.

**¶10**      In August 2025, the superior court granted DCS's motion to terminate Mother's parental rights on both alleged grounds.

**¶11**      Mother's court-appointed counsel filed a Notice and Avowal in Lieu of an Opening Brief under Arizona Rule of Juvenile Procedure 607(e)(1)(B), stating that a diligent inspection of the record found no non-frivolous grounds for appeal. Mother then timely filed an opening brief pro se.

**¶12**      We have jurisdiction under Arizona Revised Statutes ("A.R.S.") §§ 8-235(A), 12-120.21(A)(1), and 12-2101(A)(1).

## DISCUSSION

**¶13**      We would normally treat Mother's failure to provide record citations and supporting legal authorities in her opening brief as waiver of her arguments on appeal. *See* Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a)(7) (requiring briefs to contain "citations of legal authorities and appropriate references to the portions of the record on which the appellant relies"); Ariz. R.P. Juv. Ct. 607(b) (applying ARCAP 13 to juvenile appeals). But we exercise our discretion to address the merits of

Mother's arguments because a child's best interests are at issue. *See Nold v. Nold*, 232 Ariz. 270, 273, ¶ 10 (App. 2013) (noting that the child's best interests trump the discretionary doctrine of waiver).

**¶14**      To terminate parental rights, the superior court must find a statutory ground under A.R.S. § 8-533(B) by clear and convincing evidence, and that termination is in the child's best interests by a preponderance of the evidence. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 149-50, ¶ 8 (2018). When a parent pleads no contest, the superior court determines only "whether a factual basis exists" to support termination. Ariz. R.P. Juv. Ct. 353(e)(3).

**¶15**      We review the superior court's termination order for an abuse of discretion. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," we will affirm an order terminating parental rights if supported by reasonable evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009) (citation omitted).

I.      The Alleged Typographical Error

**¶16**      Mother first contends her birthday was "incorrectly recorded within the [DCS]'s system," which she argues was a "vital error" that "potentially prejudiced [her] case." Mother cites no authority suggesting a typographical error warrants relief from an order terminating parental rights, and on this record, we find no basis for reversal. *See* Ariz. Const. art. 6, § 27 ("No cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done.")

**¶17**      Moreover, Mother's argument is moot. Although DCS incorrectly alleged Mother's date of birth in its original dependency petition, the court later ordered the dependency petition be amended "to reflect . . . [M]other's correct date of birth." And at the termination adjudication hearing, DCS's case manager testified to Mother's correct birthday. Further, the order terminating Mother's parental rights also correctly identified her birthday. Nonetheless, Mother requests a "thorough review of [her] case, with particular attention paid to the critical error" (the incorrect birthday). But we will not conduct an *Anders* review of a case appealing an order terminating parental rights. *In re C.J.*, __ Ariz. __, 572 P.3d 597, 603, ¶ 28 (App. 2025).

II.     History of Chronic Abuse Ground

**¶18**       Mother alleges that "DCS failed to provide documentation to the court of [her] progress" and that "DCS failed to provide proof of [urinalysis tests] that [were] documented in the court[']s system."  To the extent Mother is challenging the court's finding under A.R.S. § 8-533(B)(3) for prolonged substance abuse, reasonable evidence supports the court's finding.

**¶19**       The superior court may terminate parental rights under A.R.S. § 8-533(B)(3) if "the parent is unable to discharge parental responsibilities because of . . . a history of chronic abuse of dangerous drugs, controlled substances or alcohol and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period."  A parent's substance abuse "need not be constant to be considered chronic."  *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 377, ¶ 16 (App. 2010).  Whether a "statutory factor is supported by the mandated quantum of evidence will not be disturbed unless the appellate court determines as a matter of law that no one could reasonably find the evidence to be clear and convincing."  *Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 479, ¶ 31 (2023) (internal quotations and citations omitted).

**¶20**       Here, the record shows Mother failed to test for drugs throughout the dependency.  At the termination adjudication hearing, DCS produced individual screening reports showing that Mother did not attend drug testing between September 2024 and July 2025.  And DCS testified Mother failed to test with the service provider it referred her to.  DCS further testified that Mother's rights were terminated as to three of her other children because of her "underlying issues of substance abuse."

**¶21**       The record also shows Mother made no effort to establish sobriety, despite DCS providing services to help her overcome her substance use and parenting deficits.  Although Mother's counsel asserted Mother had self-referred to a substance abuse program and "ha[d] many days of sobriety under her belt," the DCS case manager testified Mother provided no documentation to support these claims.

**¶22**       Meanwhile, DCS presented evidence that "[s]upervised visits, substance abuse services, [F]amily [C]onnections, [and] [N]urturing [P]arenting" services were offered to Mother.  Additionally, the case manager testified Mother was referred to parenting and substance abuse programs but did not participate.  Indeed, DCS submitted a progress report

that showed three of the services were closed because of Mother's disengagement.

**¶23**        Thus, reasonable evidence shows Mother was unable to discharge parental responsibilities due to her substance abuse, and that her abuse would continue for a prolonged, indeterminate period.  *See* A.R.S. § 8-533(B)(3); *see also Raymond F.*, 224 Ariz. at 382-83, ¶¶ 24-29.  Because reasonable evidence supports the factual basis underlying the superior court's statutory finding under A.R.S. § 8-533(B)(3), the superior court did not abuse its discretion.

**¶24**        Because we affirm based on Mother's history of chronic substance abuse, we do not address her argument challenging termination on the fifteen months' out-of-home placement ground.  *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 ("If clear and convincing evidence supports any one of the statutory grounds on which the [superior] court ordered severance, we need not address claims pertaining to the other grounds.").

III.    Best Interests

**¶25**        Although unclear from Mother's brief, to the extent that she challenges the superior court's best-interests determination, reasonable evidence supports the court's finding.  Termination is in a child's best interests if the child will either benefit from termination or be harmed if termination is denied.  *Alma S.*, 245 Ariz. at 150, ¶ 13.

**¶26**        The record supports the superior court's finding that terminating Mother's parental rights would serve Child's best interests by freeing her to be adopted by paternal grandmother.  Paternal grandmother has cared for Child since she was a newborn, is the "only parent the child has ever known," and has provided Child with safety and stability.  As the court properly found, adoption would also benefit Child as it would allow her to live with her siblings and "maintain relationships with extended family members."  On this record, the superior court did not abuse its discretion by finding that termination was in Child's best interests.

**CONCLUSION**

**¶27**        We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        TM