NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In Re The Matter Of:

JASON REA, *Petitioner/ Appellee,*

*v.*

FRANCHESCA GARZA, *Respondent/Appellant.*

No. 1 CA-CV 18-0757 FC
FILED 8-22-2019

Appeal from the Superior Court in Maricopa County
No. FC2018-092629
The Honorable Andrew J. Russell, Judge *Pro Tempore*

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Franchesca Garza, Glendale
*Respondent/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Chief Judge Peter B. Swann joined.

**T H U M M A**, Judge:

**¶1**            Franchesca[1] Garza (Mother) appeals from an order establishing legal decision-making, parenting time and child support, arguing the superior court ignored evidence regarding the best interests of the child and erred in awarding Jason Rea (Father) joint custody. Treating Mother's notice of appeal as a petition for special action, this court accepts jurisdiction. Because the superior court found the order was in the best interests of the child after properly considering applicable statutory factors, relief is denied.

## FACTS AND PROCEDURAL HISTORY

**¶2**            Mother and Father, who have never been married, co-parented F.R. (born in 2008) for nearly a decade with minimal court involvement. Over time, animosity developed between the parents and, in July 2018, Father filed a petition to establish legal decision-making, parenting time and child support. An August 2018 court-appointed advisor report contained allegations (deemed unsubstantiated at the time) by both parents about the other regarding substance abuse, domestic violence and unfit living conditions.

**¶3**            Later in August 2018, given concerns about substance abuse, the court ordered the parents to submit to drug testing. Mother's came back negative, while Father's was positive for cocaine. In September 2018, the court suspended Father's parenting time. In October 2018, the court ordered Father to submit drug tests twice a week for six months and provided him two hours of supervised parenting time per week.

**¶4**            After an evidentiary hearing later in October 2018, the court ordered joint legal decision-making and physical custody. Mother was awarded primary custody and Father was awarded parenting time three weekends a month with holidays and breaks being equally divided between the parents. Objecting to the parenting time allocated in that October 2018 order, Mother (who is self-represented) timely filed a notice of appeal.

---

[1] We amend the caption to reflect the correct spelling of Mother's first name. All future pleadings shall use the amended caption.

**DISCUSSION**

¶5 The October 2018 order is not an appealable order because it did not address the issue of child support, which was resolved in December 2018. Ariz. R. Fam. Law P. 78(b) (2018).[2] Mother did not file an amended notice of appeal after child support was resolved. Accordingly, this court lacks appellate jurisdiction over Mother's purported appeal from the October 2018 order. *See id;* Ariz. Rev. Stat. (A.R.S.) § 12-2101(A)(1).

¶6 Although this court lacks appellate jurisdiction, Mother's original notice of appeal was timely and, from the record, it does not appear that Mother has "an equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a). Moreover, the issues Mother seeks to raise implicate the best interests of a child. *See Dep't of Child Safety v. Beene,* 235 Ariz. 300, 303 ¶ 7 n.5 (App. 2014) (after finding appellate jurisdiction lacking, sua sponte accepting special action jurisdiction, "because the best interests of the children [were] implicated"). Accordingly, in this court's discretion, Mother's notice of appeal is, sua sponte, treated as a petition for special action relief and this court accepts special action jurisdiction. *See* A.R.S. § 12-120.21(A)(4); Ariz. R.P. Spec. Act. 1(a).

¶7 Father did not file an answering brief, which could be considered a confession of error. *Gibbons v. Indus. Comm'n,* 197 Ariz. 108, 111 ¶ 8 (App. 1999). This court may, however, exercise its discretion to waive this general rule and address the merits of an appeal absent an answering brief. *Id.* Because this case implicates the best interests of a child, this court addresses Mother's arguments on the merits and does not construe Father's failure to file an answering brief as a confession of error.

¶8 Turning to the merits of Mother's arguments, Mother's opening brief does not comply with Ariz. R. Civ. App. P. 13 in material respects, including its lack of citations to the record and applicable legal authority. *See* Ariz. R. Civ. App. P. 13(a)(7). Those failures could be construed as waiver by Mother. *See Flood Control Dist. v. Conlin,* 148 Ariz. 66, 68 (App. 1985). Similarly, to the extent Mother has provided on appeal evidentiary materials not provided to the superior court, this court declines to consider those materials. *See GM Dev. Corp. v. Cmty. Am. Mortg. Corp.,* 165 Ariz. 1, 4 (App. 1990). Moreover, because Mother did not provide a transcript of the October 2018 evidentiary hearing, this court presumes that

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

transcript would support the October 2018 order. *See Myrick v. Maloney*, 235 Ariz. 491, 495 ¶ 11 (App. 2014).

¶9 Quite apart from these procedural issues with Mother's appeal, she has not shown error in the entry of the October 2018 order. This court reviews the superior court's orders regarding legal decision-making, parenting time and child support for an abuse of discretion, *Nold v. Nold*, 232 Ariz. 270, 273 ¶ 11 (App. 2013); *McNutt v. McNutt*, 203 Ariz. 28, 30 ¶ 6 (App. 2002), viewing the evidence in a light most favorable to upholding the orders, *In re Marriage of Friedman & Roels*, 244 Ariz. 111, 113 ¶ 2 (2018). This court will not reweigh evidence on appeal. *See Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 151 (2018) (citing cases); *Borg v. Borg*, 3 Ariz.App. 274, 277 (1966).

¶10 By statute, absent evidence to the contrary, it is in a child's best interests "[t]o have substantial, frequent, meaningful and continuing parenting time with both parents" and "[t]o have both parents participate in decision-making about the child." A.R.S. § 25-103(B). Parenting time is to be determined "in accordance with the best interests of the child," considering "all factors that are relevant to the child's physical and emotional well-being, including" those enumerated in A.R.S. § 25-403(A). A.R.S. § 25-403. In contested legal decision-making and parenting time matters, the court is required to make "specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B). These requirements exist "not only to aid an appellant and the reviewing court, but also for a more compelling reason—that of aiding all parties and the family court in determining the best interests of the child or children both currently and in the future." *Reid v Reid*, 222 Ariz. 204, 209 ¶ 18 (App. 2009). A failure to make the required findings is error. *Nold*, 232 Ariz. at 273 ¶ 11.

¶11 Along with the section 25-403(A) factors, "[i]f the court determines that a parent has abused drugs or alcohol or has been convicted of any drug offense . . . within twelve months before the petition or the request for legal decision-making or parenting time is filed, there is a rebuttable presumption that sole or joint legal decision-making by that parent is not in the child's best interests." A.R.S. § 25-403.04. To determine whether that presumption is rebutted, the court "at a minimum" is required to consider evidence of the following:

> 1. The absence of any conviction of any other drug offense during the previous five years.

> 2. Results of random drug testing for a six month period that indicate that the person is not using drugs as proscribed by title 13, chapter 34.
>
> 3. Results of alcohol or drug screening provided by a facility approved by the department of health services.

A.R.S. § 25-403.04(B).

¶12        As applied here, in determining parenting time, the court recounted the testimony from the parents, the child, and the court-appointed advisor relevant to its determination and made thorough findings as to all factors enumerated in section 25-403(A). The court's findings and its weighing of those findings to determine best interests indicates that none of the statutory factors weighed heavily in favor of either parent. Moreover, when specifying the parenting time schedule, the court stated the reasons the schedule was in F.R.'s best interests.

¶13        Because Father tested positive for cocaine, the court also considered the substance abuse factors in section 25-403.04 and found Father had rebutted the presumption created by his drug use. While not mentioned specifically in Mother's brief, the fact that Father's positive drug test was just two months before the October 2018 order is a factor favoring Mother. Although the statute lists six months of drug tests as a factor, it requires only that the court consider this evidence when available; it does not prevent the court from finding that a parent rebutted the presumption even without six months of negative drug test results. Moreover, after considering the substance abuse factors, the court conditioned Father's parenting time on his continuing to provide negative drug test results, expressing a concern about Father's ability to make decisions if he was continuing to use drugs. The court found the parenting arrangement reflected in the October 2018 order appropriately protects and is in the best interests of the child.

¶14        In short, the court made specific findings about all the factors set forth in section 25-403; addressed Father's substance abuse as required by section 25-403.04 and found Father had rebutted the presumption that joint legal decision-making was not in the child's best interests. The court then analyzed the findings and provided reasons why the decision was in the best interests of the child. On this record, Mother has not shown the October 2018 order was error. Accordingly, this court denies relief regarding the October 2018 order. Mother also requests reimbursement of

fees and costs in this appeal under A.R.S. § 25-324(A), which requires this court to consider "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A). Neither party took unreasonable positions before the superior court and Father did not participate in this appeal. Additionally, Mother has not shown how any of the factors in A.R.S. § 25-324(B) apply. Having considered the relevant financial evidence in the record, Mother's request for fees and costs is denied.

## CONCLUSION

¶15        Treating Mother's notice of appeal as a petition for special action, this court accepts jurisdiction but denies relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA